The Chief Justice
delivered the opinion of the court.
This was an action of debt upon a sheriff’s bond. The condition of the bond is set forth in the declaration, and the breach alledged is in substance, that in virtue of a fieri facias, which issued at the suit of Saunders against the plaintiff, the sheriff by his deputy took two boats and a mare, the property of the plaintiff; and so negligently, and carelessly left the same, that they were wholly lost to the plaintiff, and that during the retention and possession of the boats and mare by the sheriff, the plaintiff paid to Saunders the money due on the execution.
The defendants pleaded covenants performed, and the plaintiff replied severally, whereupon issue was joined, and a verdict and judgment having been rendered against the defendants they have appealed to this court.
It is objected by the assignment of error in the first place, that the declaration shews no cause of action in the plaintiff.
When the sheriff seized the goods of the plaintiff under *567 the execution, it was undoubtedly his duty to keep them safely, and this duty continued unquestionably as long as he had a right to retain their possession in virtue of the execution. It is true, when the plaintiff paid to Saunders the amount of the execution, he had a right to reclaim the goods, but the sheriff was not bound to restore them, unless he had sufficient evidence of the payment, and their restoration was demanded, and no such demand appears to have been made until the goods were lost. The duty of the sheriff, therefore, to keep the goods must have continued till the time of their loss, notwithstanding the previous payment of the debt by the plaintiff, and consequently; the loss of the goods by the negligence of the sheriff, was a breach of his duty. The right of the plaintiff to maintain the action, for such breach of duty results from his having paid the debt to Saunders,and having thereby acquired a right to the restoration of the goods. The idea suggested by the counsel far the defendants, that the plaintiff should have made a demand of the goods from the sheriff, before he could have maintained the action, is founded on a mistake of the true cause of action.
A sheriff levying on property and keeping it so negligently that it is lost, is answerable to the owner therefor; and if the owner pays pltf his debt, no demand on the sheriff for restoration is necessary—that the property is lost is enough, whether the property be, lost before or afterpayment of the debt.
If a declration on a bond, with collateral condition, sets out the condition and assigns, the breaches, on replication to the general, issue, it need not, reassign the breaches.
Had the action been brought for the refusal of the sheriff to restore the goods, such a demand would have been necessary. But it is the negligence of the sheriff in keeping the goods, and not his refusal to restore them that constitutes the cause of action.
The averment, therefore, of the loss of the goods by the negligence of the sheriff, was sufficient to shew his liability, and the averment of the previous payment of the debt to Saunders, was sufficient to shew that the cause of action accrued to the plaintiff.
The declaration is therefore, sufficient.
But it is objected in the second place, that as the action is debt for the penalty of the bond, the replication is insufficient in not alledging the breaches of the condition. Where the action is brought upon the bond without setting forth the condition, and the defendant craves oyer of the condition, and pleads performance, it is necessary for the plaintiff in his replication to assign the breaches; but where the condition of the bond is set forth in the declaration, and the breaches assigned as was done in this case, a general replication is sufficient.
To repeat the assignment of breaches in the replication would be useless tautology, and is wholly unnecessary.
Haggin and Hardin for appellant, Talbott for appellee.
The judgment, must be affirmed with damages and costs.